# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOPE ANGELIC WHITE, individually )<br>)<br>and )<br>)<br>HOPE ANGELIC WHITE, personal )<br>representative of the Estate of Myron Pollard) | Case No. _____ |
| )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>and ) | JURY TRIAL DEMANDED |
| )<br>BERNARD HENSEN, individually )<br>)<br>and )<br>)<br>BERNARD HENSEN, in his official )<br>capacity as an officer and agent of the )<br>United States of America's Bureau of )<br>Alcohol, Tobacco, Firearms, and Explosives )<br>)<br>Defendants. ) | |

Serve: Defendant United States of America (by Certified U.S. Mail) at:
Loretta E. Lynch, Attorney General of the United States of America
U. S Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Serve: Defendant United States of America (personal service) at:
Richard G. Callahan, United States Attorney for the Eastern District of MO
Nicholas Llewellyn, Assistant U.S. Attorney
Office of the United States Attorney for the Eastern District of Missouri
111 S. 10th Street; 20th Floor
St. Louis, MO 63102

Serve: Defendant Bernard Hensen, in his official capacity as an officer and agent of the
Bureau of Alcohol, Tobacco, Firearms and Explosives (by Certified U.S. Mail) at:
Melissa Anderson, Associate Chief Counsel
Office of Chief Counsel Litigation
Bureau of Alcohol, Tobacco, Firearms and Explosives
Room 5.E-310
99 New York Avenue, N.E.
Washington, D.C. 20226


Serve: Defendant Bernard Hensen, in his individual capacity
(Rule 4(d) waiver of service sent)
Bureau of Alcohol, Tobacco, Firearms and Explosives
12605 Arnold Street
Redford, MI 48236


Serve: Defendant Bernard Hensen, in his individual capacity
(Rule 4(d) waiver of service sent)
Bureau of Alcohol, Tobacco, Firearms and Explosives
1155 Brewery Park Boulevard
Suite 300
Detroit, MI 48207

# **COMPLAINT**

## **FACTS COMMON TO ALL COUNTS**

### Nature of Action

1.     This is an action under the laws of the State of Missouri and all applicable

Amendments to the United States Constitution, and federal laws, rules, and regulations

dealing with wrongful death, loss of consortium, infliction of emotional distress, the

Federal Tort Claims Act (FTCA), a Bivens Action, and other causes of action stemming

from a federal officer's shooting and killing an unarmed passenger in a car, to wit: Myron

Pollard; and to compensate and make whole plaintiffs Hope Angelic White, in her

individual capacity and in her capacity as personal representative of the Estate of Myron

Pollard.

2

2.     On August 29, 2012, at approximately 11:17 a.m. at 3621 Iron Street, in the City of St. Louis, State of Missouri, Myron Pollard was a passenger sitting in the front passenger seat of a car that was being driven by Damitrius Creighton.

3.     These individuals and two other passengers, who were sitting in the back seat, were lured to said location as part of a "sting" operation initiated by the United States of America's Bureau of Alcohol, Tobacco, Firearms, and Explosives.

4.     At approximately 11:20 a.m. on August 29, 2012, when the Defendant Bernard Hensen and other agents and officers converged on said vehicle, the driver of said vehicle Damitrius Creighton tried to back up said vehicle. Defendant Bernard Hensen fired multiple shots at close range striking Myron Pollard, an unarmed passenger, in the head and fatally wounded him.

<u>Jurisdiction and Venue</u>

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the plaintiffs' claims for actual damages against Defendant Bernard Hensen exceed Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs; and that the plaintiffs, on the one hand, and the Defendant Bernard Hensen, on the other hand, are residents and citizens of different states.

6.     Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §1331 in that the plaintiffs' claims arise under the Constitution and laws of the United States; and pursuant to 28 U.S.C. § 1346(b) in that the plaintiffs' claims are against the United States of America for "…personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would

be liable to the claimant in accordance with the law of the place where the act or omission occurred."

7.      The venue of this proceeding is invoked pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to this claim occurred in the judicial district of the United States District Court for the Eastern District of Missouri; therefore, each defendant is subject to the Court's personal jurisdiction and venue is proper.

<u>Parties</u>

8.      Plaintiff Hope Angelic White is a citizen of the United States of America who resides in the City of St. Louis, State of Missouri and is the natural mother of Myron Pollard.

9.      Plaintiff Hope Angelic White is the duly appointed personal representative of the Estate of Myron Pollard in the Probate Division of the Circuit Court of the City of St. Louis in cause number 1322-PR00351. A true and accurate copy of said Letters of Administration is attached hereto as "Exhibit 1" and is incorporated herein by this reference.

10.     Hereinafter, Plaintiff Hope Angelic White, individually and Plaintiff Hope Angelic White, as personal representative of the Estate of Myron Pollard are referred to as "Plaintiffs."

11.     Myron Pollard, a citizen of the United States of America, was an individual who resided with his mother Hope Angelic White in the City of St. Louis until his death on August 30, 2012.

12.     At all times mentioned herein, the Bureau of Alcohol, Tobacco, Firearms and Explosives is a federal law enforcement organization within the United States

Department of Justice within the federal executive department.

     13.    At all times mentioned herein, Defendant Bernard Hensen is and was an individual residing in the State of Michigan and employed by and as a Special Agent for the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives.

     14.    At all times mentioned herein, Defendant Bernard Hensen was acting in his capacity as an agent and employee for the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives.

     15.    At all times mentioned herein, Defendant Bernard Hensen was acting in the course and scope of his employment for the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives.

     16.    At all times mentioned herein, Defendant Bernard Hensen was acting under color of federal law.

## COUNT I – Federal Tort Claims Act (FTCA)

     17.    Plaintiffs restate, reallege and incorporate by this reference herein each and every allegation in Paragraphs 1 through 16, inclusive, of this Complaint as if more fully set out herein.

     18.    On August 29, 2012 at approximately 11:21 a.m., Myron Pollard was a passenger in the front seat of a vehicle that was driven by Damitrius Creighton.

     19.    Said individuals, and two others, were lured to the location of 3621 Iron Street, City of St. Louis, State of Missouri on August 29, 2012 in the morning as part of a "sting" operation set up and executed by the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives, and Defendant Bernard Hensen.

20.     When agents of United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives including, but not limited to, Defendant Bernard Hensen converged on said vehicle, the driver Damitrius Creighton put the vehicle in reverse.

21.     After said vehicle was put in reverse, agents of the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives including, but not limited to, Defendant Bernard Hensen opened fire on the occupants of the vehicle at close range.

22.     At approximately 11:20 a.m. on August 29, 2012, Defendant Bernard Hensen shot Myron Pollard in the head while Myron Pollard was an unarmed passenger.

23.     Myron Pollard was pronounced dead on August 30, 2012 at 2:06 a.m. as a result of that fatal gunshot wound.

24.     The Fourth Amendment to the Constitution of the United States of America states:

"**The right of the people to be secure in their persons**, houses, papers, and effects, **against unreasonable** searches and **seizures**, **shall not be violated**, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (**emphasis added**).

25.     The Fifth Amendment to the Constitution of the United States of America states, in pertinent part:

"**No person shall be ... deprived of life, liberty,** or property**, without due process of law....**" (**emphasis added**).

26.     The Fourteenth Amendment, Section 1, to the Constitution of the United

States of America states, in pertinent part:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

27.     Defendant Bernard Hensen is and was at all times mentioned herein an employee of the government as defined in 28 U.S.C. § 2671 in pertinent part as follows:

> "Employee of the government" includes (1) officers or employees of any federal agency…, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation…."

28.     The United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives in the executive department of the United States of America under its Department of Justice is a "Federal agency" as defined in 28 U.S.C. § 2671.

29.     All conditions precedent to the filing of this Complaint have been satisfied pursuant to 28 U.S.C. § 2675(a).

30.     On August 27, 2014, prior to this action being instituted "upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, …" Plaintiffs, by and through their attorney, "first presented the claim to the appropriate Federal agency

[Bureau of Alcohol, Tobacco, Firearms and Explosives] via telefacsimile and via United States Priority Mail Express.  A true and accurate copy of said receipt of mailing is attached hereto as "Exhibit 2" and is incorporated herein by this reference.

31.     A claim for the sum of $5,000,000.00 for the personal injury to Plaintiff Hope White is attached hereto as "Exhibit 3" and is incorporated herein by this reference.

32.     A claim for the sum of $10,000,000.00 for the wrongful death of Myron Pollard is attached hereto as "Exhibit 4" and is incorporated herein by this reference.

33.     On February 27, 2015, said claim for damages to Plaintiff Hope White (Exhibit 3) was "finally denied by the agency in writing…."  A true and accurate copy of said letter of denial is attached hereto as "Exhibit 5" and is incorporated herein by this reference.

34.     On February 27, 2015, said claim for the wrongful death of Myron Pollard (Exhibit 4) was "finally denied by the agency in writing…."  A true and accurate copy of said letter of denial is attached hereto as "Exhibit 6" and is incorporated herein by this reference.

35.     This Complaint is being filed within six (6) months of the mailing of Exhibit 5 and Exhibit 6.

36.     Defendant Bernard Hensen's shooting and killing Myron Pollard was an act of using of excessive force because it was not reasonably necessary to shoot Myron Pollard, an unarmed passenger, in the head in order to stop the car from backing up, take him into custody, arrest him, or stop him for investigation.

37.     Defendant Bernard Hensen's actions therefore violated Myron Pollard's Constitutional rights guaranteed by the 4th, 5th, and 14th Amendments to the United

States' Constitution.

38.     As a result of Defendant Bernard Hensen's actions, Myron Pollard suffered a gunshot wound to the head and was pronounced dead approximately 15 hours later.

39.     As a direct and proximate result of Defendant Bernard Hensen's negligent, wrongful, and/or tortious action, Plaintiff Hope Angelic White was damaged, continues to be damaged, and/or will be permanently damaged in the future in one or more of the following ways:

a.     suffered, continues to suffer, and will in the future suffer from severe mental anguish and emotional distress.  Said emotional and mental distress is medically diagnosable;

b.     suffered, continues to suffer, and will in the future suffer from the loss of the care and comfort of her son Myron Pollard;

c.     suffered, continues to suffer, and will in the future suffer from humiliation, loss of enjoyment of life, fright, and/or embarrassment;

d.     incurred medical bills for her son Myron Pollard;

e.     incurred funeral and burial expenses for her son Myron Pollard; and

f.     incurred and continues to incur legal expenses and court costs in opening and maintaining a decedent's estate for Myron Pollard and in this case as well.

40.      Plaintiff Hope Angelic White asserts her claims as set forth above and in her "Claim for Damage, Injury, or Death" marked as Exhibit 3 attached hereto.

WHEREFORE, Plaintiff Hope Angelic White, individually, prays for judgment against the United States of America for her actual and compensatory damages that are

fair and reasonable to be determined by this Honorable Court, for her costs in this action, and for such other and further orders as this Honorable Court deems necessary and proper.

## COUNT II – Federal Tort Claims Act (FTCA)

COME NOW Plaintiffs, by and through their attorney, and for Count II of this Complaint, state to the Court as follows:

41.     Plaintiffs restate, reallege and incorporate by this reference herein each and every allegation in Paragraphs 1 through 40, inclusive, of this Complaint as if more fully set out herein.

42.     As a direct and proximate result of Defendant Bernard Hensen's negligent, wrongful, and/or tortious action, Myron Pollard suffered extreme pain and ultimately death.

43.     Plaintiffs assert their claims as set forth above and in the "Claim for Damage, Injury, or Death" marked as Exhibit 4 attached hereto.

WHEREFORE, Plaintiff Hope Angelic White, individually, and Plaintiff Hope Angelic White, as personal representative of the Estate of Myron Pollard, pray for judgment against the United States of America for actual and compensatory damages that are fair and reasonable to be determined by this Honorable Court, for their costs in this action, and for such other and further orders as this Honorable Court deems necessary and proper.

## COUNT III – BIVENS ACTION

COME NOW Plaintiffs, by and through their attorney, and for Count III of this Complaint, state to the Court as follows:

44.     Plaintiffs restate, reallege and incorporate by this reference herein each and every allegation in Paragraphs 1 through 43, inclusive, of this Complaint as if more fully set out herein.

45.     The United States Supreme Court case of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) allows for a private damages action to be brought against a federal official for constitutional torts (civil rights violations).

46.     Defendant Bernard Hensen's use of excessive force in shooting and killing Myron Pollard violated Myron Pollard's Constitutional rights guaranteed by the 4th and 5th Amendments to the United States' Constitution.

47.     Defendant Bernard Hensen's actions toward Myron Pollard constituted extreme and outrageous conduct, so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community

48.     Defendant Bernard Hensen's actions to bring about said death to Myron Pollard were intentional, deliberate, malicious, willful, wanton, and reckless.

49.     As a result of Defendant Bernard Hensen's outrageous behavior, Plaintiffs are entitled to punitive damages against Defendant Bernard Hensen.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant Bernard Hensen in an amount that is fair and

reasonable over Seventy Five Thousand Dollars ($75,000.00), after a trial by jury, to compensate Plaintiffs for their injuries, damages, and losses suffered as a result of Defendant Bernard Hensen's illegal, unlawful, and tortious behavior; for punitive damages in an amount that is fair and reasonable in excess of Seventy Five Thousand Dollars ($75,000.00), after a trial by jury, against Defendant Bernard Hensen; for prejudgment interest from the date of the filing of this Complaint; for Plaintiffs' costs of this action; and for such other and further relief as this Honorable Court deems just and proper under the premises.

## COUNT IV- WRONGFUL DEATH

COME NOW Plaintiffs, by and through their attorney and for Count IV of this Complaint, state to the Court as follows:

50.     Plaintiffs restate, reallege and incorporate by this reference herein each and every allegation in Paragraphs 1 through 49, inclusive, of this Complaint as if more fully set out herein.

51.     Plaintiffs invoke this Court's pendent jurisdiction for this Count in that these allegations arise out of the same set and nucleus of operative facts as the allegations in Counts I, II, and III of this Complaint.

52.     Section 537.080.1, R.S.Mo. states in part:

"Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for: … (1) By the … father or mother of the deceased, natural or adoptive;…"

53.     Pursuant to Section 537.080.1, R.S.Mo. , Plaintiffs are entitled to bring this action.

54.     As a result of the foregoing, Plaintiffs have been damaged.

55.     As a direct and proximate result of said acts of Defendant Bernard Hensen, Plaintiffs have suffered the loss of life of Myron Pollard, pecuniary losses suffered by reason of the death, funeral and burial expenses, and the reasonable value of the services, care, comfort, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Myron Pollard.

56.     The damages Plaintiffs are seeking shall include all such damages that a trier of fact may deem fair and just for the death and loss of Myron Pollard as set forth above and in §537.090, R.S.Mo.

WHEREFORE, Plaintiffs pray for judgment against Defendant Bernard Hensen for compensatory damages in an amount which is fair and reasonable over $75,000.00 exclusive of interest and costs to be proven at the trial by jury in this matter; for punitive damages against Defendant Bernard Hensen in an amount which is fair and reasonable over $75,000.00 exclusive of interest and costs; and for such other and further orders as this Honorable Court deems necessary and proper under the premises.

Respectfully submitted,


*/s/ Howard A. Shalowitz*
Howard A. Shalowitz #37223MO
Attorney for Plaintiff Hope Angelic White,
individually and as personal representative
for the Estate of Myron Pollard
P.O. Box 410404
St. Louis, MO 63141-0404
(314) 277-9977
(314) 392-9912 – fax
howard@shalowitz.org