UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE ANGELIC WHITE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1252 SNLJ |
| | ) | |
| THE UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Hope Angelic White brings this action individually and in her capacity as personal representative for the Estate of her decedent, Myron Pollard, against defendants the United States of America and Bernard Hansen, an agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Defendants have moved to dismiss Counts I, II, and IV of the four-count complaint as well as official-capacity claims made against defendant Hansen in Count III. The matter is fully briefed and ripe for disposition.

### I. Factual Background

Plaintiff's son, Myron Pollard, was a passenger in the front seat of a vehicle driven by Damitrius Creighton on August 29, 2012. Plaintiff alleges that Pollard and others in the vehicle were "lured" to a location that morning as part of a "sting" operation set up by the ATF. When ATF Agents, including defendant Hansen, converged on the vehicle occupied by Pollard, Damitrius Creighton put the vehicle into reverse. The ATF Agents,

including defendant Hansen, fired their weapons at the occupants of the vehicle. Pollard was unarmed and shot in the head. He died early the next day at a hospital.

Plaintiff is the personal representative for Pollard's estate. She brings this action in that capacity and also as an individual. Plaintiff filed her four-count complaint on August 14, 2015 against the United States and defendant Hansen. Counts I and II are under the Federal Tort Claims Act ("FTCA") for excessive force and negligent, wrongful, and/or tortious action by defendant Hansen resulting in Pollard's death, respectively. Count III is bought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which permits private damages action to brought against a federal official for civil rights violations. Count IV is for wrongful death.

## II. Legal Standard

Defendants bring their motion under both Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over the claim. The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 147 (E.D.Mo.1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir.1980)).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . .

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Each Count is discussed in turn below.

### A. Count I

Plaintiff's Count I is brought pursuant to the FTCA and alleges that defendant Hansen's shooting and killing of Pollard, which occurred in Missouri, constituted excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants argue that this Court should dismiss Count I for lack of subject matter jurisdiction because constitutional tort claims are not cognizable under the FTCA.

"The United States may be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment under the FTCA." *Washington v. Drug Enf't Admin.*, 183 F.3d 868, 873 (8th Cir. 1999) (citing 28 U.S.C. § 1346(b)). "The United States is liable to the same extent that a private person under like circumstances would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* Because the "law of the place" here is

state law, and "state law cannot provide liability for violation of a federal constitutional right, constitutional wrongs cannot be remedied through the FTCA." *Id.* (quoting *Russ v. United States*, 62 F.3d 201, 204 (7th Cir. 1995)).

Plaintiff contends that the Court has jurisdiction over this case based upon general allegations going to jurisdiction. However, plaintiff does not address the binding Eighth Circuit law that holds constitutional tort claims are not cognizable under the FTCA. *See id.* Count I will be dismissed for lack of subject matter jurisdiction.

### B. Counts II and IV

Plaintiff brings Counts II and IV both individually and as the personal representative of the Estate of Myron Pollard. Count II is brought under the FTCA for negligent, wrongful, and/or tortious action by defendant Hansen resulting in Pollard's death. Because the FTCA action applies the "law of the place" where the matter occurred, this Court looks to Missouri's wrongful death statute, § 527.080 R.S.Mo. The Court also looks to Missouri's wrongful death statute for the claim set out by Count IV.

"The Missouri Supreme Court has declared the wrongful death statute to be the sole source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death." *Andrews v. Neer*, 253 F.3d 1052, 1058 (8th Cir. 2001). Under that statute, only the decedent's survivors may bring such a claim. *Id.* That is, the decedent's estate (here represented by plaintiff in her capacity as personal representative for the Estate of Myron Pollard) has no right of action under the Missouri wrongful death statute. *Id.* As a result, Counts II and IV brought by plaintiff in her capacity as the personal representative for the Estate are dismissed.

4

### C. Count III

Plaintiffs name Bernard Hansen as a defendant in both his individual and official capacities. Count III sets forth a *Bivens* action against Hansen, alleging that Hansen violated Pollard's constitutional rights. Defendants state that plaintiffs' claims against Hansen in his official capacity should be dismissed because it is barred by the doctrine of sovereign immunity. A lawsuit against a government employee in his official capacity is treated as a suit against the employing entity, which in this case is the ATF. *See Buford v. Runyon*, 160 F.3d 1199, 1203 n.3 (8th Cir. 1998). *Bivens* actions may not be brought against the United States or its agencies because the United States has not waived sovereign immunity under these circumstances. *Id.*; *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982). As a result, the claim against defendant Hansen in his official capacity must be dismissed.

### D. Count IV

Defendants argue that Hansen is absolutely immune to plaintiffs' wrongful death claim in Count IV. The FTCA provides that "an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment." *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996) (citing 28 U.S.C. § 2679(d)(1)). Thus, defendants say, plaintiffs cannot sue defendant Hansen for wrongful death; rather, they must sue the United States pursuant to the FTCA.

Plaintiffs contend that "common law tort remedies against federal officials" continue to be available "against federal officials alleged to have violated the Constitution." (#11 at 9 (citing *Wilkie v. Robbins*, 551 U.S. 537, 551 (2007)). Plaintiffs note that each of their Counts incorporate the previous Counts mentioning constitutional

violations. However, plaintiffs' Count IV is for wrongful death pursuant to Missouri's wrongful death statute. It is not a constitutional claim. The Eighth Circuit is clear that employees of the United States "may not be sued for torts they commit while acting within the scope of their employment" and that the "remedy provided by the [FTCA] is exclusive." *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996) (internal quotations omitted). Plaintiffs suggest that this Court should allow discovery to progress, and, if it turns out that Hansen "acted solely within the bounds of his official capacity," then the Court may substitute the United States. (#11 at 9.) But this Court takes the matters pleaded in the complaint as true, and the plaintiffs' complaint states unequivocally that "at all times mentioned herein, [Hansen] was acting in the course and scope of his employment for the United States of America's Bureau of Alcohol, Tobacco, Firearms and Explosives." (#1 at ¶ 15.) Plaintiffs have already alleged a claim under the Federal Tort Claims Act that is permitted by federal law. *See Knowles*, 91 F.3d at 1150. Their wrongful death claim against defendant Hansen is not permitted and will be dismissed.

## IV. Conclusion

Defendants' motion to dismiss will be granted. Count I is dismissed for lack of subject matter jurisdiction. Plaintiff's Count II brought in her capacity as the personal representative for the Estate is dismissed (but Count II brought in plaintiff's individual capacity remains). Count III against defendant Hansen in his official capacity must be dismissed, but Count III against defendant Hansen in his individual capacity remains. Finally, Count IV is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#3) is **GRANTED**.

Dated this ___3rd___ day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE