# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOPE ANGELIC WHITE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1252 SNLJ |
| | ) | |
| THE UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Hope Angelic White brings this action individually and in her capacity as personal representative for the Estate of her son, the decedent Myron Pollard. Mr. Pollard was shot and killed by an agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The matter is set for trial in 2018, and plaintiff disclosed her expert's report on May 1, 2017. Counsel for the defendants deposed the expert, Stephen Gardner, on May 23. Gardner is a mechanical engineer who performs accident reconstruction as a consulting and expert witness. He stated in his report that the purpose of his investigation was "to determine whether or not the path of the suspect vehicle posted an immediate physical threat to any of the law enforcement officers present at the time of the fatal shooting." (#41-3 at 3.)

Gardner offered three conclusions in his report: (1) the movement of the vehicle in which decedent was a passenger was at no time a physical threat to law enforcement

officers; (2) the vehicle did not achieve a high rate of speed; and (3) the damage to the rear of the vehicle was the result of the vehicle hitting a moving police truck.

At Gardner's deposition, plaintiff's counsel questioned Gardner following defense counsel's examination. Plaintiff's counsel asked Gardner for his opinion regarding whether someone edited or tampered with a video recording that captures the moments before and after the shooting but does not contain the moment the shooting actually occurred. Gardner's report discusses the recording, which

> has a section of seven video frames where the video image "freezes." However, the audio portion of the recording continues without interruption. The frozen image consists of seven repeated video frames which are identical to the frame at the start of the frozen section of the video recording. … [T]he video and audio streams remain synchronized after this "frozen" video portion of the recording. The frozen portion of the video recording appears to be the portion of the video that should contain the moment when the fatal shot was fired. However, the frozen section of the video, which should contain the fatal shot, instead consists of identical repeated frames acting as place holders. This results in the chronological synchronization of the video and audio streams.

(#41-3 at 4-7). However, that discussion is within the "Pertinent Facts" section of the report, and it contains no opinions or conclusions about how those frozen frames occurred or whether someone edited or manipulated the video to cause the frozen frames. Upon being questioned by plaintiff's counsel, however, Gardner stated that the seven frozen frames were caused by a person cloning and copying the frames and inserting them into the video recording and that it could not have happened naturally or as the result of a server disruption. Defense counsel objected to the questions soliciting these undisclosed opinions as beyond the scope of Gardner's reports and stated the defendants

2

would move to strike the undisclosed opinions because they were not contained in Gardner's reports as required by Federal Rule of Evidence 26.

Defendants filed their motion to strike (#41) on the basis that plaintiff failed to comply with Rule 26(a)(2)(B). The Rule requires a party to disclose a written report if an expert witness will testify, and the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff maintains that Mr. Gardner did disclose his opinions on the frozen video footage and states that Gardner's original report "devotes 40% of page 2, and 50% of page 3 to the topic that defendants move to strike for failure to disclose." (#46 at 2.) However, neither the report nor the supplement (disclosed on May 18, 2017) contains any opinions or conclusions about what caused the frozen frames in the video. Further, Gardner has not issued a supplemental report.

Notably, defense counsel asked Gardner about the video irregularities, and Gardner stated that "there was some question in my mind as to if the – something had been changed or edited on the video." But Gardner also stated that those thoughts had not changed his conclusions as to what had happened with respect to the vehicle during the incident at issue. Regardless, the fact that Gardner eventually revealed his opinion about the editing of the video at the end of his deposition in response to plaintiff's counsel's questions does not cure Gardner's failure to include those conclusions in his report.

3

Because plaintiff's expert failed to disclose his conclusions regarding the video footage irregularities in his Rule 26 report, the Court will exclude any such testimony from the trial of this matter. *See, e.g.*, *Blaes v. Johnson & Johnson*, 4:14CV213 RLW, 2016 WL 543163, at *1 (E.D. Mo. Feb. 9, 2016) (striking expert testimony regarding causation that was not included in expert's Rule 26 report).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike (#41) is **GRANTED**.

Dated this __15th__ day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE