# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOPE ANGELIC WHITE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1252 SNLJ |
| | ) | |
| THE UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Hope Angelic White brings this action individually and in her capacity as personal representative for the Estate of her decedent, Myron Pollard, against defendants the United States of America and Bernard Hansen, an agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Currently pending before the Court is plaintiff's motion for sanctions against defendants.

Plaintiff's son, Myron Pollard, was a passenger in the front seat of a vehicle driven by Damitrius Creighton on August 29, 2012. Plaintiff alleges that Pollard and others in the vehicle were "lured" to a location that morning as part of a "sting" operation set up by the ATF. When ATF Agents, including defendant Hansen, converged on the vehicle occupied by Pollard, Damitrius Creighton put the vehicle into reverse. The ATF Agents, including defendant Hansen, fired their weapons at the occupants of the vehicle. Pollard was shot in the head. He died early the next day at a hospital. Plaintiff brings this action as the personal representative for Pollard's estate and also as an individual. Her

remaining counts are under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

ATF Agent Jason French set up four video cameras in advance of the sting operation in order to record the events of that morning. The cameras did not record onto storage devices local to the video cameras. Instead, the cameras wirelessly transmitted the video to a server at a remote location. A copy of the videos from each camera was burned onto DVDs and then given to an ATF agent. According to the defendants, the DVDs were then put in a sealed envelope and put in an evidence room to be used in the criminal prosecutions following the sting operation.

Defendants voluntarily disclosed copies of the above-described DVD footage as part of their Rule 26 disclosures. The Plaintiffs deposed ATF Agent French on February 15, 2017, who explained that the cameras recorded to a remote location and that he had made DVD copies of the footage. None of the four videos shows the shooting itself. According to plaintiff,

> None of the four cameras showed the actual shooting by Special Agent Hansen –two of them were obscured by other objects and two are missing the video frames at the time of the shooting. Of the two videos that are missing the video frames during the shooting, one has "frozen" or repeated digital frames although the analogue audio is not erased. The other video (a pole camera), does not have an audio file; but the video is missing between the time the car backed up (that included the shooting) and the time a ramming truck rammed into the back of the car. Over four seconds of video are missing from the pole camera.

(#56-1 at 2.)

ATF Agent French explained at his deposition that he did not think the original video files existed anymore and that, with regard to some "frozen" scenes in the video(s), he

believed it was caused by the wireless signal being disrupted by all the vehicles getting in between the transmitter and receiver.

ATF Agent Grothaus had possession of the server itself. He states in his declaration that he believe he deleted the video files from the server in early 2013 as part of routine maintenance of the server, but it is possible the files were no longer on the server at that time. Before deleting the files, Grothaus confirmed with the respective case agents that the video files were no longer needed on the server.

One month after Agent French's February 2017 deposition, plaintiff's counsel emailed defendants' counsel to ask where he could obtain the "original SD card or device on which all 4 videos were recorded." Defense counsel explained that the data was never on an SD card but was instead transmitted wirelessly to a remote server and then downloaded onto DVDs, which were located in an evidence vault at ATF's St. Louis field office. However, defense counsel advised that if plaintiff's counsel wanted to view them, they should send the defendants a request pursuant to Rule 34 to view and inspect the recordings. Plaintiff's counsel ultimately served a Notice of Deposition on the defendants to produce an ATF case agent to testify and to produce the original hard drives and source on to which all of the videos were recorded. The defendants produced Chris Wiegner, the ATF case agent, to testify as to the topics related to the chain of custody and to bring the DVDs from the vault to the deposition. Agent Wiegner testified as to the chain of custody. Counsel for both parties, along with Agent Wiegner, watched the DVDs at the U.S. Attorney's Office, and then plaintiff's counsel watched an employee of the U.S. Attorney's Office make two sets of copies of those DVDs for plaintiff to keep.

Because the Notice of Deposition identified topics beyond the scope of Wiegner's expertise, counsel began working to identify another ATF employee to testify to those topics. On June 15, 2017, counsel advised plaintiff's counsel that an ATF Digital Investigator was examining the server to try to determine if it still contained data and, if not, when data was deleted. But defense counsel also told plaintiff that the United States would not produce the server itself because plaintiff had not properly requested it and because it might contain unrelated video footage. Ultimately, on July 18, 2017, defense counsel provided declarations from two ATF Digital Investigators. Those declarations noted that one Investigator had recovered 75 deleted files from the server. However, the deleted files did not include any data that would allow them to be identified by a date and time recorded. They would have to be viewed one-by-one to determine whether they were responsive, but the Investigator could not view them with her software. So she e-mailed one small file to a colleague in another location, who was able to view the file and determine it was not responsive (it was video of an office interior and copy machine). The investigator could not email the other files because they were too large. At this point, three ATF employees had spent close to 40 hours working on recovering the server, and the defendants determined no further efforts would be made without a Court order. Plaintiff's counsel did not respond to that communication.

Instead, on October 31, 2017, plaintiff moved for sanctions against defendants pursuant to Federal Rule of Civil Procedure 37 and common law spoliation of evidence principles. Plaintiff seeks an order stating that defendants violated Rule 37(e) and common law principles of spoliation of evidence by destroying the original videos on the server. Plaintiff seeks either a judgment against defendants or an adverse jury instruction against defendants at trial regarding the content of the deleted videos.

4

Rule 37(e) states as follows:

**Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Critically, the Court notes that Rule 37(e) requires circumstances in which data at issue "cannot be restored or replaced through additional discovery." Here, plaintiff has not demonstrated that the video files she seeks are not among the 75 recovered files located on the server. Plaintiff did not request the files or further investigation from defendants, and plaintiff did not file a motion to compel to seek those files. Notably, plaintiff does not even mention the recovered files in her reply brief. Because it is possible that the video files are not irretrievably lost, the Court must deny plaintiff's motion without prejudice.

Because of the serious concern that the key four seconds of the video during the shooting itself were somehow lost, and because plaintiff also asked for any other relief

5

deemed appropriate, the Court will further construe the motion for sanctions as a motion to compel. Defendants will be ordered to inspect the 75 deleted video files and produce any files that relate to this matter to the plaintiff. Defendants shall file a report regarding this matter to this Court no later than February 9, 2018.

This will apparently necessitate a short continuance of the trial date and a stay of this Court's consideration of the pending summary judgment motions. To the extent the defendants locate previously-deleted video files that shed light on the events of August 29, 2012, plaintiff may file supplemental briefing in opposition to the motions for summary judgment. Defendants may then file a supplemental reply. The parties shall file a proposed amended Case Management Order setting forth a briefing schedule (if any) and proposed new trial date set for at least sixty days after February 9 or the filing of the last summary judgment brief, whichever occurs later. The Court may entertain a renewed motion for sanctions at a later date, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions (#56) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendant shall inspect the recovered video files and produce any video files related to this matter by February 9, 2018.

**IT IS FURTHER ORDERED** that defendant shall supply a report to the Court regarding the inspection/production of video files by February 9, 2018.

**IT IS FINALLY ORDERED** that the parties shall submit a joint proposed amended Case Management Order as set forth in this Memorandum no later than February 15, 2018.

Dated this __9th__ day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE