UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOPE ANGELIC WHITE, *et al.* ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15CV1252 SNLJ |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

Plaintiff Hope Angelic White brought this action individually and in her capacity as personal representative for the Estate of her decedent, Myron Pollard, against defendants the United States of America and Bernard Hansen, an agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The litigation pertained to defendant Hansen's fatal shooting of Pollard on August 29, 2012. Plaintiff, as personal representative of the estate of Pollard, brought a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for the use of excessive force against Pollard, which was tried before a jury July 23-27, 2018. The jury found in favor of defendant. Plaintiff also presented a claim under the Federal Tort Claims Act ("FTCA") for wrongful death, which was tried simultaneously before this Court. The Court found in favor of defendant on the FTCA claim.

Plaintiff has filed a motion for new trial on the *Bivens* claim judgment. Defendant filed a response in opposition, but plaintiff did not file a reply. Plaintiff invokes Federal

Rules of Evidence 59(d), 60(b)(3), and 60(b)(6) as her bases for relief. It also appears plaintiff relies on Rule 59(a).

I.    **Legal Standard**

Rule 59(a)(1) permits the district court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Generally, there are two grounds for a ordering a new trial: (1) the verdict was unsupported by the evidence; or (2) prejudicial error was committed during the trial. *See Hannah v. Haskins*, 612 F.2d 373, 376 (8th Cir. 1980). A new trial should only be granted to "avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). "When the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the district court's denial of the motion is virtually unassailable on appeal." *Lincoln Composites, Inc v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016) (internal quotations omitted). When considering a motion for new trial on weight of the evidence grounds, the district court "can disturb a jury verdict only to prevent a miscarriage of justice," and the court must specifically find that the verdict was against the "great, clear, or overwhelming weight of the evidence." *Frumkin v. Mayo Clinic*, 965 F.2d 620, 624 (8th Cir. 1992). The district court should not substitute its judgment for that of the jury; it should only reject a jury's verdict when "after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred." Ryan v. McDonough Power Equipment, Inc., 734 F.2d 385, 387 (8th Cir. 1984). A motion for new trial based on evidentiary errors is only warranted where those errors affected the

2

movant's substantial rights and "would be likely to produce a different result." *Pointer v. DART*, 417 F.3d 819, 822 (8th Cir. 2005).

"Rule 59(d) is designed primarily to correct immediately apparent injustices occasioned by jury verdicts." *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 415 (8th Cir. 1985) (citing *Tarlton v. Exxon*, 688 F.2d 973, 978-79 (5th Cir. 1982). The district court may only grant a new trial "when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence … or legal errors at trial." *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013). The legal or evidentiary errors must be so prejudicial that they "likely affected the jury's verdict." *Id*. "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*.

Rule 59(e) motions to alter or amend judgment "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (internal quotations omitted). It is not meant to be a vehicle for seeking reconsideration of arguments that were previously briefed by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). In order to prevail under Rule 60(b)(3), "the movant must show, with clear and convincing evidence, that the opposing party engaged in fraud or misrepresentation that prevented the movant from

fully and fairly presenting its case." *Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007).

Rule 60(b)(6) relief is available only "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Id.*

## II. Discussion

Plaintiff makes several arguments in support of her motion for new trial.

First, plaintiff argues the jury lacked sufficient evidence to find in favor of defendant and that the verdict was against the weight of the evidence. Specifically, plaintiff argues the jury could not have properly concluded that Hansen's use of deadly force against Pollard was reasonable. Plaintiff's primary argument seems to be that Hansen fired three shots at the suspect's car after the crash, when it was no longer a threat to Hansen or to anyone else. As this Court explained in its memorandum and order disposing of plaintiff's FTCA claim (#145 at 29-30), the evidence supports that Hansen's use of deadly force was reasonable.

Second, plaintiff argues that destruction of the master servers upon which the videos were recorded constituted misconduct on the part of defendants and prejudiced plaintiff. It appears plaintiff seeks reconsideration of this Court's order denying plaintiff's motion for sanctions on this point. This matter was briefed three times before trial, and the Court declines to reconsider the matter. To the extent that plaintiff argues that the jury's decision, during deliberations, to watch the video that lacked audio somehow justifies a new trial, the Court disagrees. The jury viewed all of the videos

4

several times during the trial, and the Court cannot speculate as to the jury's reasons for requesting the video it chose. The jury was free to watch any of the videos and may have requested additional videos if the jury saw fit to do so. Plaintiff has failed to identify any reason for granting a new trial with respect to these issues.

Next, plaintiff contends that the Court improperly allowed testimony as to Pollard's acquiescence to the home invasion and threats made by others around him. Plaintiff states that the only perceived threat to Hansen was the vehicle, so testimony that the suspects intended to kill the undercover agent or that they were otherwise dangerous was prejudicial. The Court disagrees that the evidence was not relevant to Hansen's perceived threat: knowing that the car's driver intended to murder people later that day was certainly relevant to Hansen's split-second judgment. There is also no evidence to support, as plaintiff suggests, that it was untrue that the vehicle's occupants agreed to go through with the home invasion. Further, the Court instructed the jury to disregard the undercover agent's statement that each person in the vehicle was prepared to go forward with the home invasion.

Finally, although plaintiff agrees that Creighton's felony conviction was relevant to his credibility, plaintiff objects to the evidence of Creighton's gun-related offense because it alerted the jury to the fact that a gun was in the vehicle at the time of the incident. Plaintiffs states that she would have agreed to a stipulation of Creighton's felony conviction. Defense counsel agreed to limit evidence regarding Creighton's convictions to the fact that he had pleaded guilty to two specific crimes without tying them to this case and without going into details about the charges. Counsel asked him

whether he had pleaded guilty to conspiracy to commit a Hobbs Act robbery and possession of a firearm in furtherance of a violent crime. Counsel said nothing to tie the crimes to this particular event. Plaintiff's counsel, not defense counsel, asked Creighton whether he was the driver of a vehicle in which Pollard was a passenger, if the car accelerated at a high rate of speed, and if there was an intent to hit an officer. The Court disagrees that defense counsel overstepped the bounds of the Court's ruling. No statement by defense counsel included that firearms were in the vehicle at the time of the incident. The Court properly allowed cross-examination for impeachment purposes.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for new trial or to alter or amend judgment (#136) is DENIED.

Dated this 8th day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE